IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO ALVE,

     Plaintiff,                     No. 2:12-cv-01388-JAM-KJN-PS

     v.

FIRST FRANKLIN FINANCIAL
CORP., et al.,

     Defendants.           ORDER TO SHOW CAUSE

/

     Plaintiff is proceeding without counsel in this action.[1] This matter was set for a Status (Pretrial Scheduling) Conference on November 1, 2012. (See Order Setting Status Conference, Dkt. No. 3 ¶ 5.) Plaintiff was required to file a status report "not later than seven days prior to" the Status Conference. (Id. ¶ 6.) Plaintiff did not file a status report, and he has not filed any documents in this action since filing the complaint. (Compl., Dkt. No. 1.) Plaintiff did not appear at the Status (Pretrial Scheduling) Conference on November 1, 2012.

     Plaintiff filed a complaint on May 23, 2012, naming twelve defendants. (Compl., Dkt. No. 1.) Pursuant to Federal Rule of Civil Procedure 4(m) and this court's Order Setting Status Conference (Dkt. No. 3), plaintiff was obligated to serve all defendants with process

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

within 120 days of May 23, 2012.  (See Order Setting Status Conference ¶ 1, Dkt. No. 3 ¶ 1.)  Plaintiff had until September 20, 2012, to effectuate service of process upon the defendants, but the court's docket does not reflect that such service has been completed.[2]  (Id.)

As a result, the undersigned is inclined to recommend, on the court's own motion, that the claims against the defendants be dismissed because the time to serve them has expired.  In relevant part, Federal Rule of Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days after the complaint is filed, the court —on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Well over 120 days have passed since the complaint was filed in this court.  Absent good cause shown by plaintiff, the court "must" dismiss plaintiff's claims against the defendants pursuant to Rule 4(m).  However, Rule 4(m) requires that the court provide notice to plaintiff prior to effectuating such a dismissal, and this order constitutes such notice.

Additionally, the court is inclined to recommend, on its own motion, the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, comply with the Federal Rules of Civil Procedure, and comply with the court's Order Setting Status Conference.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

---

[2]  The docket does not reflect that plaintiff has filed any proofs of service in this action.

1  amended petition); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal
2  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with
3  any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th
4  Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets
5  and may impose sanctions including dismissal).

6        Finally, plaintiff has previously been warned that failures like those described
7  herein could result in a recommendation that this case be dismissed.  (See Order Setting Status
8  Conference, Dkt. No. 3 ¶ 7 ("Failing to obey federal or local rules, or order of this court, may
9  result in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se
10 litigants must comply with the procedural rules.").)

11       Based on the foregoing, IT IS HEREBY ORDERED that:

12     1.  Plaintiff shall show cause, in writing, no later than December 4, 2012, why
13 plaintiff failed to file a status report seven days prior to the Status (Pretrial Scheduling)
14 Conference that occurred on November 1, 2012.

15     2.  Plaintiff shall also show cause, in writing, no later than December 4, 2012,
16 why his claims against all defendants should not be dismissed with prejudice pursuant to Federal
17 Rules of Civil Procedure 4(m) and 41(b).

18     3.  Failure to file the required writing within the time permitted shall
19 constitute plaintiff's consent to the dismissal of this case with prejudice.

20       IT IS SO ORDERED.

21 DATED: November 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE