IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTONIO ALVE,

      Plaintiff,                         No. 2:12-cv-01388-JAM-KJN-PS

      v.

FIRST FRANKLIN FINANCIAL
CORP., et al.,

      Defendants.                FINDINGS AND RECOMMENDATIONS

      Through these proposed findings and recommendations, the undersigned recommends that plaintiff's case be dismissed with prejudice and that this case be closed. First, it appears from the court's docket that plaintiff has not timely served any of the defendants with process in this case. Second, in violation of the court's orders and the local rules of this district, plaintiff failed to file a status report in advance of the status conference on November 1, 2012, failed to appear at the status conference, and failed to comply with an Order to Show Cause issued on November 6, 2012. (Order to Show Cause ("OSC"), Dkt. No. 5.)

I.    BACKGROUND

      Plaintiff is proceeding without counsel in this action.[1] Plaintiff filed a complaint on May 23, 2012, naming twelve defendants. (Compl., Dkt. No. 1.) Pursuant to Federal Rule of

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  Civil Procedure 4(m) and this court's Order Setting Status Conference (Dkt. No. 3), plaintiff was
2  obligated to serve all defendants with process within 120 days of May 23, 2012.  (See Order
3  Setting Status Conference, Dkt. No. 3 ¶ 1.)  Plaintiff had until September 20, 2012, to effectuate
4  service of process upon the defendants, but the court's docket does not reflect that such service
5  has been completed.[2]  (Id.)

6        This matter was set for a Status (Pretrial Scheduling) Conference on November 1,
7  2012.  (See Order Setting Status Conference, Dkt. No. 3 ¶ 5.)  Plaintiff was required to file a
8  status report "not later than seven days prior to" the status conference.  (Id. ¶ 6.)  Plaintiff did not
9  file a status report, and he has not filed any documents in this action since filing the complaint.
10  (Compl., Dkt. No. 1.)  Plaintiff did not appear at the Status (Pretrial Scheduling) Conference on
11  November 1, 2012.

12        As a result, the undersigned issued an order stating his inclination to recommend
13  that the claims against the defendants be dismissed because the time to serve them has expired.
14  (OSC at 2.)  In the OSC, the undersigned specifically informed plaintiff that Federal Rule of
15  Civil Procedure 4(m) provides:

> **(m) Time Limit for Service.**  If a defendant is not served within 120 days
> after the complaint is filed, the court — on motion or on its own after
> notice to the plaintiff — must dismiss the action without prejudice against
> that defendant or order that service be made within a specified time.  But if
> the plaintiff shows good cause for the failure, the court must extend the
> time for service for an appropriate period.

20  (Id.)  The OSC also informed plaintiff that well over 120 days had passed since the complaint
21  was filed in this court.  (Id.)  The OSC informed plaintiff that, absent plaintiff's showing of good
22  cause, the court "must" dismiss plaintiff's claims against the defendants pursuant to Rule 4(m).
23  (Id.)  The OSC also required plaintiff to show, in writing and before December 4, 2012, why his
24  claims should not be dismissed.  (Id.)  To date, plaintiff has not filed the required writing, nor has

---

[2] The docket does not reflect that plaintiff has filed any proofs of service in this action to date.

he filed anything else in this case.

In addition, the OSC informed plaintiff that the undersigned was also inclined to recommend the dismissal of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, and failure to comply with the court's Order Setting Status Conference. (OSC at 2-3 (citing Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).)

The OSC explained that plaintiff had previously been warned that his failures to comply with court orders and the rules of litigation procedure could result in a recommendation that this case be dismissed. (OSC at 3 (citing Order Setting Status Conference, Dkt. No. 3 ¶ 7 ("Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules.")).)

II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

////

failure to comply with the court's local rules, or failure to comply with the court's orders.[3] See, e.g., Chambers, 501 U.S. at 44 (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon, 403 F.3d at 689 (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik, 963 F.2d at 1260 ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan, 291 F.3d at 642-43 (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition). This court's Local Rules are in accord. See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995). The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

---

[3] Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

4

way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant factors weigh in favor of dismissal of this action. The first two factors strongly support dismissal of this action. Plaintiff's failure to file a status report, failure to appear at the Status (Pretrial Scheduling) Conference, and failure to file a response to the OSC — despite clear warnings of the consequences for such failures — strongly suggests that plaintiff has abandoned this action or is not interested in seriously prosecuting it. See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases. See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight. See Ferdik, 963 F.2d at 1262. Although the court's docket does not reflect that the complaint has been served upon any defendants, defendants remain named in a lawsuit. It is difficult to quantify the prejudice suffered by defendants here; however, it is enough that defendants have been named in a lawsuit that plaintiff has effectively abandoned. At a minimum, defendants have been prevented from attempting to resolve this case on the merits by plaintiff's unreasonable delay in prosecuting this action. Unreasonable delay is presumed to be prejudicial. See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action. As noted above, the court has actually pursued remedies that are less drastic than a recommendation of dismissal. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, Malone v. Frank, 488 U.S. 819 (1988).  The court provided plaintiff with the opportunity to explain his apparent failure to timely serve defendants with process, and the opportunity to explain his failures to file a status report and appear at the Status (Pretrial Scheduling) Conference.  Moreover, the court advised plaintiff that he was required to actively prosecute his action and follow the court's orders.  It also warned plaintiff in clear terms that failure to file a response to the OSC would result in a recommendation of dismissal with prejudice, based in part on plaintiff's consent to such a dismissal of this case with prejudice. (OSC at 3.)  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.   Plaintiff's action be dismissed with prejudice pursuant to Federal Rule of

1  Civil Procedure 41(b), Federal Rule of Civil Procedure 4(m), and Local Rules 110 and 183(a).

2        2.   The Clerk of Court be directed to close this case and vacate all dates.

3        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  28 U.S.C. § 636(b)(1); see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

         IT IS SO RECOMMENDED.

DATED: January 9, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE